IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

IN RE:     Talaya Lavon Lawson          *
                                        *       Case No.
                                        *
           Debtor(s)                    *       Chapter 13 Proceeding

☐AMENDED   ☐MODIFIED
DEBTOR(S) CHAPTER 13 PLAN
AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor(s) estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this plan includes the plural where appropriate.*

## Plan Summary

A. The Debtor(s) plan payment will be __$1,333.00__ per month, paid by ☒ Pay Order or ☐ Direct Pay, for __60__ months, *$1333 for 12 months then, $1541 for 48 months. **$666.50 to be deducted from Debtor's Bi-Weekly wages at Army-DFAS.** The gross amount to be paid into the Plan is __$89,964.00__.

B. The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately __19__% of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C. The value of the Debtor(s) non-exempt assets is __$9,569.37__.

D. If the payment of any debt is proposed to be paid directly by the Debtor(s) outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

☒ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

☐ Other (describe):

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor(s) good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
|  |  |  |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to **assume** the following executory contracts, unexpired leases, and/or contracts for deed, if any:

\* Las Ventaras Apt.

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to **reject** the following executory contracts, unexpired leases, and/or contracts for deed, if any:

- NONE -

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| Farmer Home Furniture 3 Bedroom Sets | $833.00 | $500.00 | Pro-rata, estimated payment to be $10.49 | 5.5% | $500.00 | Furniture Condition is Fair, Date of purchase is 6/2014 |

| United Consumer Financial Services Kirby Vacuum Cleaner | $1,710.00 | $800.00 | Pro-rata, estimated payment to be $16.79 | 5.5% | $800.00 | Credit card debt Condition is Fair, Date of purchase is 6/2014 |
|---|---|---|---|---|---|---|

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 31 Dec_____, 2015.

_____  _____
Debtor  Talaya Lavon Lawson          Co-Debtor

### V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If not timely objection is filed, the relief requested maybe granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien (e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor | Property Subject to Lien | Amount of Lien to Be Avoided | Remarks |
|---|---|---|---|
| - NONE - | | | |

### VI. Specific Treatment for Payment of Allowed Claims

#### 1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS

A. Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, must be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor/Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| - NONE - | | | |

B. Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
| Dale County Tax Assessor | 216 Yellowleaf Dr. Enterprise, AL 36330 |
| Planet Home Lending | 216 Yellowleaf Dr. Enterprise, AL 36330 |

#### 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

A. Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor(s) attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| Tanzy & Borrego Law Offices | $3,600.00 | Along With | The trustee shall make distribution of the base fee awarded in the confirmation order equal to one month's plan payment for up to the first four months of the term of the plan. The remainder of the base fee due the attorney (if any) shall be paid at the rate of $100 a month until paid in full. |

B. Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| - NONE - | | | |

C. Arrearage Claims

| Creditor/Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks |
|---|---|---|---|---|---|---|
| - NONE - | | | | | | |

D. Cure Claims on Assumed Contracts, Leases, and Contracts for Deed:

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| - NONE - | | | |

E. Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/ Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| Army Aviation Center FCU 2013 Nissan Maxima | $30,285.00 | $25,000.00 | Pro-rata, estimated payment to be $635.65 | 5.5% | $30,285.00 | Agreement, Fully Secured |

| Farmer Home Furniture 3 Bedroom Sets | $833.00 | $500.00 | Pro-rata, estimated payment to be $10.49 | 5.5% | $500.00 | Furniture |
|---|---|---|---|---|---|---|
| Nissan Motor Acceptance 2009 Nissan Cube | $9,696.00 | $9,696.00 | Pro-rata, estimated payment to be $203.51 | 5.5% | $9,696.00 | Agreement, Fully Secured |
| United Consumer Financial Services Kirby Vacuum Cleaner | $1,710.00 | $800.00 | Pro-rata, estimated payment to be $16.79 | 5.5% | $800.00 | Credit card debt |

F. General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed). *Describe treatment for the class of general unsecured creditors.*

| Creditor | Claim Amount | Remarks |
|---|---|---|
| Army & Air Force Exchange Service | $8,273.00 | |
| AT & T | $300.00 | |
| Attorney General | $0.00 | |
| Barclays Bank | $849.00 | |
| Best Buy | $410.00 | |
| Capital One | $643.00 | |
| Capital One | $956.00 | |
| Citibank | $0.00 | |
| Credit One Bank | $912.00 | |
| Dept of education NELNET | $33,611.00 | |
| DirecTV | $231.00 | |
| *Farmer Home Furniture | $333.00 | |
| Firestone | $725.00 | |
| First National Credit Card | $691.00 | |
| Harrison Finance Company | $0.00 | |
| JC Penney/Syncb | $564.00 | |
| OMNI Credit Services | $4,344.00 | |
| Republic Finance, LLC | $3,361.00 | |
| Time Warner Communications | $188.00 | |
| *United Consumer Financial Services | $910.00 | |
| Victoria's Secret/WFNNB | $1,228.00 | |
| Walmart/Synchrony Bank | $1,198.00 | |

* Indicates the unsecured portion of a Secured Claim, the nonpriority portion of a Priority Claim, or the full amount of an avoided Secured Claim.

**Totals:**

Administrative Claims  $3,600.00
Priority Claims  $0.00
Arrearage Claims  $0.00
Cure Claims  $0.00
Secured Claims  $41,281.00
Unsecured Claims  $59,727.00

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

1. Unless the plan is a full pay plan, all of the debtor's projected disposable income to be received in the three-year period for under median income Debtors or five years for over median income Debtors beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

2. If any secured proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as secured unless it is objected to. Said claim shall be paid under the plan at 6% interest. Likewise, if any priority proof of claim is filed for a debt that was either not listed or listed as unsecured, the claim shall be allowed as priority unless it is objected to. Said priority claim shall not be paid with any interest.

3. If a creditor is listed as secured and scheduled to receive pre-confirmation disbursements and post-confirmation payments along with the other secured creditors, but such creditor subsequently files an unsecured claim, then the creditor will not receive any pre-confirmation disbursements and upon confirmation will be paid along with the other unsecured creditors pursuant to the terms of the plan. The funds that were allocated to such creditor as a pre-confirmation disbursement, if any, will be distributed on a pro-rata basis to the other secured creditors. Similarly, the funds scheduled to be received by such creditor along with other secured creditors upon confirmation will also be distributed to the other secured creditors on a pro-rata basis.

4. The Debtor shall pay into the Plan for the payment of creditors a full payment within 30 days of filing this Plan or petition and each subsequent payment on the same day of each month thereafter for the duration of the Plan.

5. SHELTER: Any unscheduled arrearage claim on the Debtor's Mortgage, including any Bankruptcy fees, shall be paid under the plan.

6. TAX CLAIMS: Notwithstanding paragraph 2, any unscheduled secured claim filed by any taxing authority shall be paid under the plan with the interest rate specified on the face of the claim.

7. EARLY COMPLETION: Under median income debtors that have been under the plan for at least 36 months shall receive a discharge at any time once the plan base is paid off.

8. VALUATION OF COLLATERAL: CREDITORS SHALL TAKE NOTICE THAT A VALUE DETERMINATION OF THE CREDITOR'S COLLATERAL SHALL BE MADE AT THE CONFIRMATION HEARING. NOTICE OF RES JUDICATA EFFECT OF THE CONFIRMATION ORDER. The value of collateral as provided for in the debtor(s) schedules and plan shall be the value determination made by the Court by confirmation of the plan, unless a timely objection to confirmation is filed by the creditor. The objection must specifically object to the proposed valuation and request a hearing thereon. Any objection to valuation will be heard at the confirmation hearing, and no plan will be confirmed until the valuation objection is resolved. The confirmation order shall result in res judicata of all valuation issues. Should the creditor file a proof of claim which asserts a collateral valuation that differs from the debtor(s) valuation, but fails to object to the confirmation of debtor(s) plan, such creditor's valuation shall be void as set out in this paragraph.

9. SURRENDER COLLATERAL: In the event any collateral securing a claim is subsequently surrendered, either before or after confirmation, the creditor will then have 120 days from the date of surrender to amend their claim for any unsecured deficiency amount, if any. In the event that the creditor does not amend their claim, it is assumed that the claim has been satisfied in full by the surrender, and the trustee shall not disburse any further payment to such creditor and any deficiency shall be discharged upon completion of the case.

10. Duly filed and allowed unsecured claims shall receive a pro-rata distribution after payment of all Priority, Secured and administrative expenses. If unsecured claims will not be paid in full, neither payments nor duration of the Plan will be increased merely because the Plan projected a higher percentage payout based upon information available to the Debtor at the time the Plan was filed. The percentage payout to general unsecured creditors is just an estimate and the actual payout may differ based on claims actually filed. Any balance remaining on dischargeable unsecured claims after the payments provided for herein, shall be discharged.

11. Creditors holding claims against the Debtor's real estate which are being treated pursuant to 11 U.S.C. 1322(b)(5) may send monthly billing statements to the Debtor, but may not seek payment directly from the Debtor for any pre-petition claim.

Respectfully submitted this 31 day of Dec, 2015.

Attorney for Debtor
Edgar Borrego 00787107
Miguel Flores 24036574
Marissa A. Martinez 24087985

2610 Montana Avenue
El Paso, TX 79903

p.6

(915) 566-4300
Fax: (915) 566-1122

_Talaya Lawson_
Debtor Talaya Lavon Lawson
2000 Saul Kleinfeld, Apt. 1002
El Paso, TX 79936

_____
Co-Debtor

United States Bankruptcy Court
Western District of Texas

In re **Talaya Lavon Lawson**　　　　　　　　　　　　　　　Case No._____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter　　13
　　　Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the attached Chapter 13 Plan was served on _1·4·16_ on Chapter 13 Trustee, Stuart C. Cox, 1760 N. Lee Trevino Dr., El Paso, TX 79936, The United States Trustee, 615 E. Houston, Suite 533, P.O. Box 1539, San Antonio, TX 78295-1539, Talaya Lavon Lawson, 2000 Saul Kleinfeld, Apt. 1002, El Paso, TX 79936 and the persons listed below and/or on the attached list, at the addresses listed, via electronic means as listed on the court's ECF noticing system or by regular first class mail:

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Edgar Borrego 00787107
　　　　　　　　　　　　　　　　　　　　　　　　　　Miguel Flores 24036574
　　　　　　　　　　　　　　　　　　　　　　　　　　Marissa A. Martinez 24087985
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Tanzy & Borrego Law Offices, P.L.L.C.

To creditors:

Army & Air Force Exchange Service
P.O. Box 650410
Dallas, TX 75265-0410

Army Aviation Center FCU
P.O. Drawer 8
Daleville, AL 36322

AT & T
Bankruptcy Department
P.O. Box 769
Arlington, TX 76004

Barclays Bank
Card Services
PO Box 8833
Wilmington, DE 19899-8833

Best Buy
Attn: Inquiries
P.O. Box 790441
Saint Louis, MO 63179

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

Citibank
P.O. Box 6408
Sioux Falls, SD 57117-6408

Credit One Bank
P.O. Box 98873
Las Vegas, NV 89193

Credit One Bank
c/o Global Credit & Collection Corp.
5440 N Cumberland Ave
Ste 300
Chicago, IL 60656-1490

Credit One Bank
c/o LVNV Funding
P.O. Box 10587
Greenville, SC 29603-0587

| |
|---|
| Credit One Bank<br>c/o JC Christensen & Associates, Inc.<br>P.O. Box 519<br>Sauk Rapids, MN 56379 |
| Dale County Tax Assessor<br>100 Court Square<br>Ozark, AL 36360 |
| Dept of education NELNET<br>121 S. 13 St., Ste 201<br>Lincoln, NE 68508 |
| DirecTV<br>P.O. Box 78626<br>Phoenix, AZ 85062-8626 |
| DirecTV<br>c/o Afni, Inc.<br>1310 Martin Luther King Drive<br>P.O. Box 3517<br>Bloomington, IL 61702-3517 |
| Farmer Home Furniture<br>913 Rucker Blvd<br>Enterprise, AL 36330 |
| Firestone<br>Attn: Inquiries<br>P.O. Box 81315<br>Cleveland, OH 44181 |
| Firestone<br>c/o Credit First, N.A.<br>P.O. Box 81410<br>Cleveland, OH 44181-0410 |
| First National Credit Card<br>P.O. Box 5097<br>Sioux Falls, SD 57117-5097 |
| Harrison Finance Company<br>1380 26th Ave.<br>Gulfport, MS 39501 |
| Internal Revenue Service<br>Special Procedures Staff - Insolvency<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| JC Penney/Syncb<br>Attn: Bankruptcy Dept<br>P.O Box 965007<br>Orlando, FL 32896 |
| Las Ventanas Apt.<br>2000 Saul Kleinfild Dr.<br>El Paso, TX 79936 |
| Nissan Motor Acceptance<br>Attn: Bankruptcy Dept.<br>P.O. Box 660366<br>Dallas, TX 75266-0366 |
| OMNI Credit Services<br>4300 Biscayne Boulevard # 302B<br>Miami, FL 33137-3255 |
| Planet Home Lending<br>321 Research Parkway, Suite 303<br>Meriden, CT 06450 |
| Planned Home Lending<br>c/o Green Planet Servicing<br>321 Research Parkway Suite 303<br>Meriden, CT 06450 |
| Republic Finance, LLC<br>7031 Commerce Circle<br>Baton Rouge, LA 70809 |
| Time Warner Communications<br>7010 Airport Road<br>El Paso, TX 79906 |

| |
|---|
| Time Warner Communications<br>c/o Credit Management<br>4200 International Parkway<br>Carrollton, TX 75007 |
| U.S. Attorney/FHA/HUD/IRS/VA<br>601 N.W. Loop 410<br>Suite 600<br>San Antonio, TX 78216 |
| United Consumer Financial Services<br>P.O. Box 856290<br>Louisville, KY 40285-6290 |
| Victoria's Secret/WFNNB<br>Bankruptcy Department<br>P.O. Box 182125<br>Columbus, OH 43218-2125 |
| Walmart/Synchrony Bank<br>Attn: Bankruptcy Department<br>P.O. Box 965060<br>Orlando, FL 32896-5060 |
| ~ end of list ~ |